to the fifth case in the matter of Stephanie Brooks. Mr. Rupp. Good morning. My name is Robert Rupp and I'm for the appellant Michael D. Clark, the Chapter 13 Bankruptcy Trustee. And this is a case from the Central District of Illinois in which the bankruptcy court determined that a debtor in bankruptcy that receives child support income is not required to include that income in the disposable income calculation and in fact is not required to account for it in any way. The appellant asserts that that's erroneous for several reasons. First, we believe that the bankruptcy court decision failed to give meaning to the statutory language that limits the exclusion to the extent reasonably necessary to be expended for such child. Also we believe that the bankruptcy court ruling frustrates the purpose of the 2005 Bankruptcy Amendment, the Bankruptcy Abuse Prevention and Consumer Protection Act. We believe that the bankruptcy court ruling is inconsistent with Supreme Court guidance. And finally, results in absurd results. Now the child support payments equal 400 a month for the two children? That's correct. So what percentage of the child support payments do you believe was properly excludable from disposable income at line 54? Only the portions that were not accounted for elsewhere in the form. So I believe that it's important that the debtor explain what the usage, what they're using that child support income for. This goes back to the divorce proceedings, where there's an allocation made by a judge to support the children. Yes, but I think that the divorce court... No, so just stick with me a while. Okay, yes sir. What the bankruptcy did was apply the reasoning of the divorce court. That's correct. What's wrong with that? That the bankruptcy court followed the... No, followed the reasoning. That this is necessary for the child's welfare. Well, I believe that they're measuring two different things. When you're looking at child support, as opposed to a husband and wife, or a former husband and wife, you're looking at oftentimes the child support income is a statutory maximum, or it's... No, we're talking about, this is a very specific one. Yes. Looked into very specific things, considered all the things that the divorce proceedings should do, and said this is necessary. Well, it actually, the divorce court in this case was just a ratification of an agreement of $400 that the... I sat on the divorce court by accident for many years when I was a state judge, and there's no accident involved at all. And the court is required to consider the things that he did consider in this court. Understood. And I believe that in this court... Aren't they entitled to some deference on the bankruptcy court? I believe that in the reasonably necessary in the bankruptcy court in this case, is in an over-meaning cases, is relating to the standards, the federal standards, not necessarily the division or the support procedure. So the state court makes a determination based on the factual matters before them, and knowledge of the law, that this is necessary, this amount is necessary, considering everything, to take care of these kids, in a kind of a minimal sort of way. Well, I understand... And the bankruptcy decides that no, no, that money is being used by the debtor. What I would suggest is that the debtors should, in fact, use that child support income for the dependent children, but not duplicate expenses, and that's what I think is what's happened here. In this case... Interesting. I'm sorry? Interesting. Well, if Congress intended to exclude child support in the manner that is suggested by the bankruptcy court, they could have easily done so. Congress has given sufficient leeway here so that they can do what was done here, can't they? Well, and I think that they, when in dealing with Social Security, for example, they excluded it... That's a different matter altogether. Well, and I think by adding the, to the extent reasonably necessary language, they didn't do that with child support, or with, excuse me, with Social Security. You say they're allocating money that the government's got, they've collected, and they're sending it back. Most of the time, they send back more than they collected. But child support is an entirely different matter. There's no saying that if you don't spend this on a child, you have to give it back to the father. I understand. And again, I believe that they should utilize those funds on the child, but the difference being in an over-median case, I think that the debtor in this case is essentially protecting wage income and not accounting for the payments that she's making out of child support income. Carry on. Okay. So, so, I mean, so you, you read the statute to presume there's, there's a risk of abuse if debtors are allowed to categorically exclude child support payments they receive from disposable income. Is that... That's absolutely correct. When you say the risk is outweighed by the risk of harm to children, particularly when we have a finding in the state court, or not a finding, but an agreement in the state court that the expenses are reasonably necessary. And I think that that's best exemplified by a hypothetical. In this case, in a situation where a debtor, say for example, receives $500 of child support, and that income is completely utilized for child care, it admittedly utilizes that for child care. In the bankruptcy court's ruling, the bankruptcy court would allow the debtor, or would, first of all, would require the debtor to include that in income, would allow the debtor to also allow for the exclusion of the child support payment as if it was coming from, from wage income. And that's, that duplication, I think, is what's problematic. And that's what I would stress to this court, is that's where the absurdity comes in. If the debtor utilizes the $500 in the hypothetical for child care entirely, they should not be permitted to claim child care expense elsewhere in the form as if it's being paid from their regular wages. And that's a duplication that I think goes back to this court's ruling in Wray-Turner. That's essentially a phantom expense. If an expense is being paid for by child care, or excuse me, by child support, it shouldn't be able to duplicate that expense elsewhere in the form. And that's really what happens in this case. I think it's important to note that the core purpose of the bankruptcy amendment in 2005 is to ensure debtors devote their full disposable income to the repayment of creditors. And that purpose has been noticed in Supreme Court holdings, and it's Ransom v. FIA Card Services in Hamilton v. Lanning. Ransom specifically said, under BEPSIPA, debtors will repay creditors the maximum they can afford. The Ransom Court also went on to say, BEPSIPA's purpose is best achieved by interpreting the payments. And it's important to note that this statute was a remedial statute. This statute was intended to correct perceived abuses of the system. And I think it's important to contrast how child support income was dealt with pre-BEPSIPA. Prior to BEPSIPA, child support income was included fully on the income schedule, along with debtors' other income. All of their reasonably necessary expenses were offset from that income in Schedule J, arriving at disposable income. If the bankruptcy court's ruling is upheld, that will no longer be the case. A debtor will simply be able to exclude child support income fully on Schedule I, and then, as I mentioned, include all of their reasonably necessary expenses in J, therefore creating that duplication. And that's the issue here. In this case, $400 a month doesn't seem like an excessive amount, but over a period of 60 months, if the debtor's able to duplicate, effectively, expenses to the extent of $400 a month, over 60 months, that's $24,000. We regularly see child support income exceed that, $700, $800, $1,000 a month, and that absurdity, in my view, gets exploited at those higher levels. At $1,000 a month, that's $60,000 that's being denied to unsecured creditors. And that simply isn't reasonably necessary. I mean, this duplication... Now, the plain language of the statute excludes child support categorically without qualification, correct? I believe it does not. It includes... It says, other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable non-bankruptcy law, and here's the key, to the extent reasonably necessary to be expended for such child. And if there's duplication, how can that be reasonably necessary? And that goes back to the hypothetical where if the debtor's allowed to exclude child support fully without any indication as to what it's being used for or how it's being utilized, the debtor then gets to duplicate expenses throughout the remainder of the form. And it also impacts under-median cases. Even though this is an over-median case, it has an impact in all cases that we administer. So to me, there's a significant possibility of duplication, and here, if there is a significant duplication, that allows the debtor to have a head start instead of a fresh start. If the debtor could effectively, if they're able to comply with the budget that is submitted, and they're able to comply with the standards in an over-median case, they could essentially put all that money in a bank account and emerge from bankruptcy with a substantial account. And that's not the purpose of bankruptcy. Bankruptcy is not intended to give the debtor a head start. It's to give them a fresh start. So to me, I believe that these possible duplications is a result that it was not intended by Congress and cannot be sustained. So for that, we believe that this court should reverse the district court ruling and vacate the order confirming plan. Thanks, Roger. Mr. Daniels? May it please the court, counsel. I totally disagree with counsel's position. First of all, child support does affect these debtors. It has an effect. And what the effect is, and as the bankruptcy court determined, the district court, that it goes into the current monthly income. Which means that an individual, single parent, who has so many children, has to include it as the income portion, which could potentially create a problem for them in the sense that they can't do a Chapter 7. They have to do a wage earners plan because of this child support income. And they have to make some payments to the creditors. So it does have a tremendous effect upon a single parent to have child support. What Congress did under the clear, plain meaning of the statute, which is completely different than Lanning and the other cases that the trustee cites, is that it is excludable. In other words, you put it in the form, and clearly we're only dealing with an above means test debtor. You put it in and you subtract it out because the expenses are reasonably necessary because they were determined that way by the divorce judge. Now, the trustee says, well, we could have all sorts of situations where it duplicates the expenses. And that's just not true. The trustee has other powers to argue that position. Well, yeah. So, for example, here, she separately, in Part 6, deducted an actual expense of $142 a month for daycare. I mean, she could have a daycare expense of $550 a month. And so she has to list this additional $140. I mean, the divorce court has determined these expenses were reasonably necessary. I'm, of course, assuming that's things like food, clothing, all these kinds of things for child support purposes. Also, you have to be clear that when the child was born in the marriage, he had a greater standard of living. His standard of living after the divorce, no matter what child support she receives, is not the same standard of living that the child had when they were a couple because his income doesn't count, and the child's not going to get access to the income unless the supporting spouse agrees to pay more. So the standard of living is not determined in the bankruptcy code. In fact, the standard of living for a single parent is exactly what it is for married couples. It's the same standard because you're using the IRS formula. This is a formula that is specifically used for each and every case. And therefore, the single parent who receives child support is a leg down on their expenses than someone who's married with a child who doesn't receive child support. The trustee also could argue the position that you don't deduct. You don't deduct child care. You don't deduct that because that's duplicative. That has nothing to do with the fact that the expenses from the child support, which is for the child, doesn't count. They can argue bad faith. They can argue that the expenses are unfair and therefore they should pay more to the creditors. And certainly the bankruptcy court has the ability to get behind that and ask for evidence and to hold a hearing to see whether that's substantiated or not. It has complete discretion if the trustee wants to fight it. The difference in Social Security, which the court understands, is that you can also argue that if someone's getting Social Security disability payments and you're deducting for your loan to be mowed by someone because you can't do it, that could be deduction from the Social Security income, even though it's not income. So the trustee has lots of tools to determine what the payment should be. And here the trustee didn't make any kind of specific showing that these expenses were not reasonably necessary. Exactly. But we want this court to take a broader pen to this. And the reason for that is if the court determines that the plain meaning of the statute includes the fact that you can deduct the full amount under the formula that was determined by Congress, that that will have a positive effect on these debtors. And you have to understand that the whole reason for this statute is to make everything uniform. If the court determines that, no, you don't get to deduct your full expenses, then we're having bankruptcy judges make that specific determination, which Congress did not intend. Because if Congress intended that, they would not have put the specific statute into effect. So let me just, I just want to be clear in terms of what you want us to hold. Is it your view that the full amount of any child support payments is always excludable in full? As income. As also excludable as an expense for above-medium debtors because it's part of the statute. The form specifically states that it's reasonably unnecessary, is automatically deducted, pursued to a state court ruling. So in terms of this reasonably necessary language, is it your view that that's merely superfluous? No, that it goes to the expense side. The form is clear that child support counts as income. It's under current monthly income under the statute, and therefore it counts. It puts you above the means test, or if you're already above the means test, it adds income, but it subtracts out. It's like the old accounting. It's a debit and a credit, and it comes out to zero. But it does have a detrimental effect because it can kick some debtors into Chapter 13 where they don't want to be. And therefore, under the other expense standards, they may end up paying a substantial amount to their creditors, which is what happened in this case. She was above means test. She ended up paying a portion of her income to her creditors because she had to do a Chapter 13. But that the expenses were not counted as part of that money to be paid to the creditors. And the reason for that is because the income is not her income. The income is for the children. The income, no matter what her standard of living is, the state courts and the federal courts have ruled that the income pursuant to child support is not income for the parent. As a matter of fact, she can waive alimony, but she can't waive child support. So you start with that premise. Under Illinois law. I don't know about other states, but she cannot waive. And the court considers whatever the agreement of the parties are, they will consider what is reasonable and necessary and either up it or reduce it. Now, if there's collusion in divorce court, which I guess is possible depending upon the divorce judge... You're a cynic. Well, I'm just saying it's possible. Anything is possible. It's possible they were all created five minutes ago and their memory's intact. But it's unlikely. The trustee has a right to say, hey, we're dealing with bad faith here. There's collusion, there's fraud, there's all sorts of things going on, and she should be paying her $10,000 a month for child support to her creditors and argue that to the bankruptcy judge as a different alternative than what the judge ruled. However, it is clear... So then if we had a case involving former spouses in which one spouse agrees to pay child support in an amount that far exceeds what would be reasonable or necessary for the children, the bankruptcy court could look into that. Well, and I argue that, that I hate to bring up Woody Allen, if he's paying child support of $50,000, $60,000 a month, the court's going to take a look at that and say, well, maybe some of this should be paid. I don't like that. I don't like that the court may have to go into divorce court, but bankruptcy judges do that. They don't look at the specific four corners of the divorce decree. They'll go beyond that. If the trustee wants to argue that, I think he may have a right to do that. Thank you. Thank you, Mr. Daniels. Mr. Rock. Thank you, Your Honor. What I think is important is a point Your Honor made as far as child support being for food and clothing and other reasonable necessities. That's the problem. That's the duplication here. If the debtor is allowed to exclude their child support entirely, they're getting the full standards at lines 24A, 24B, and 25A. So that's the duplication. If child support is, in fact, for food or for child care or for medicals, there are other places in the form for that. And if we want to allow the exclusion, and that's what I argue with regard to Turner, those other expenses are all of a sudden phantom deductions or phantom expenses because they shouldn't be entitled to the full amount of the food expenditure for a family of three when admittedly part of the child support is for food or for child care or for health care or whatever the case may be. Of course, here there was no challenge made to how that money was being spent. Well, in fact, initially the debtor wasn't even willing to tell us what the child support was used for. It was simply they indicated that they were able to exclude it fully without giving us any information at all. And we proceeded this case with that without any of that information. And to answer the court's question as well as far as is there a discretionary, is there a possibility for a hearing, the bankruptcy court foreclosed that and said only in the most rare cases will this ever be, can this be opposed. And that's, again, what I believe to be the problem. We can't even determine if there's duplication because the bankruptcy court isn't requiring them to give us that information. There isn't the ability for a discretionary hearing. Well, there's the ability for it, but the bankruptcy court may have looked at this and looked at her income and said $400 a month. Unless you have some basis for going into all those details, we don't need to do it. If it had been, say, $4,000 a month or $40,000 a month, you're not saying the bankruptcy judge couldn't get into that. But what I am saying is the bankruptcy court said only in the most rare cases will you even look at this, only where there's a point where the child support is so excessive that it amounts to unnecessary funds. And, again, that doesn't give us the ability to find out when that's the case. So I'm not sure what that threshold might be. Thank you, Mr. Robb. Mr. Daniels, case is taken under advisement. The court will proceed to the next hearing.